Commonwealth *v.* Williams, Appellant.

Argued November 26, 1973. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused May 30, 1974.

*Thomas B. Rutter,* for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *David Richman, James T. Ranney,* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1974:

Appellant Hugh Sinclair Williams moved pre-trial to suppress oral and written statements implicating him in the murder of a Philadelphia policeman. The motion was denied and a jury found appellant

guilty. Post-trial motions were denied and consecutive sentences imposed.[1] We reverse and remand for a new trial.[2]

Police arrested Williams without a warrant on August 29, 1970, at approximately 8:30 p.m. Appellant was taken to the Police Administration Building and questioning began.[3] Initially appellant denied involvement in the murder. At 3:30 a.m., according to the police account, appellant made an incriminating statement.

Nevertheless, the police continued interrogation intermittently for seventeen additional hours as they endeavored to have Williams supplement his original admissions. During this period the police checked the accuracy of appellant's confession. A formal written statement was begun at 8:30 p.m., twenty-four hours after arrest, and signed at 9:55 p.m. Appellant was arraigned at 11:30 p.m.

Williams raises several issues concerning his interrogation and various allegedly erroneous rulings by the trial judge.[4] We need address only one: Did the delay

---

[1] Sentences imposed upon appellant were life imprisonment for murder, five to ten years imprisonment for assault and battery with intent to murder, and five to ten years imprisonment for possession of explosives.

[2] This Court has jurisdiction in appeals from convictions of felonious homicide pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1973). Appeals from the other convictions were certified to this Court from the Superior Court.

[3] Although there is some conflict in the testimony, the suppression court found that appellant received constitutionally-adequate *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

[4] Our disposition makes unnecessary consideration of appellant's other alleged grounds for reversal. In addition to his Rule 118 claim, appellant asserts that his confession was not voluntarily given. Further, it is urged that the trial court erred in: (1) admitting evidence adduced solely to corroborate the confession, (2) failing to

between arrest and arraignment violate Pennsylvania Rule of Criminal Procedure 118?█

Rule 118 provides, inter alia, that "[w]hen a defendant has been arrested without a warrant, he shall be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him." We have delineated a three-part test to be used when inquiring into an alleged violation of Rule 118. The delay must be unnecessary; evidence that is prejudicial must be obtained; and the incriminating evidence must be reasonably related to the delay. *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972); accord, *Commonwealth v. Dixon,* 454 Pa. 444, 311 A.2d 613 (1973); *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973); *Commonwealth v. Dutton,* 453 Pa. 547, 307 A.2d 238 (1973); *Commonwealth v. Tingle,* 451 Pa. 241, 301 A.2d 701 (1973); *Commonwealth v. Jones,* 449 Pa. 619, 294 A.2d 889 (1972); see *Geiger Appeal,* 454 Pa. 51, 309 A.2d 559 (1973); *Commonwealth v. Peters,* 453 Pa. 615, 306 A.2d 901 (1973).

Here, that the evidence obtained during the delay was prejudicial is not questioned. The confession constituted the most telling element of the Commonwealth's

---

submit to the jury a special interrogatory regarding the voluntariness of the confession, (3) refusing to grant a continuance requested because of the extensive pretrial publicity, (4) restricting defense voir dire and permitting the prosecution on voir dire to inquire into the prospective juror's attitudes toward capital punishment, (5) restricting attendance by the public at the trial, (6) refusing to order a police officer to comply with a subpoena, (7) permitting the display of inflammatory exhibits, (8) refusing defendant's application for production of evidence favorable to the defense, (9) limiting the scope of cross-examination, (10) refusing to admit the hospital record of defendant's treatment following arrest, and (11) permitting a personal attack on defendant's medical expert.

case against Williams. Compare *Commonwealth v. Futch,* supra at 393-97, 290 A.2d at 419-21.

Furthermore, we conclude that the twenty-seven hour delay in arraigning appellant was unnecessary. This Court has held pre-arraignment delay unnecessary unless required to administratively process an accused. *Commonwealth v. Dixon,* supra, at 447, 311 A.2d at 614; see *Commonwealth v. Futch,* supra; *Commonwealth v. Tingle,* supra.

The Commonwealth has not advanced administrative considerations to excuse the twenty-seven hour delay in arraignment. Rather, we are urged to justify this delay on the ground that it was necessary because police needed to corroborate appellant's statement and apprehend other participants in the crime.[5]

It must be emphasized that pre-arraignment delay will always be unnecessary unless justified by administrative processing—fingerprinting, photographing, and the like. Here no doubt about probable cause to arrest or to charge existed. We hold that a delay, otherwise "unnecessary" as this Court has defined that term, may not be excused because police utilize the delay to corroborate an accused's statement.

Rather than making the delay "necessary" the Commonwealth's corroboration argument supplies the final prerequisite to reversal when Rule 118 has been violated, that is, it establishes a reasonable relation of the confession to the delay.[6] Here, by the Commonwealth's admission, the delay in arraignment resulted from police desire to corroborate Williams' story. This need to corroborate can only indicate that the interrogating officers were not satisfied with the initial statement

---

[5] This is the ground upon which the suppression court excused the violation of Pa. R. Crim. P. 118.

[6] We need not here express any opinion on the question whether the six and one-half hour delay prior to appellant's first oral statement would, in itself, constitute a violation of Rule 118.

given. This lack of satisfaction with the accused's initial admission provides the reasonable relation of the confession to the unnecessary delay. See *Commonwealth v. Tingle,* supra.

In *Tingle,* the accused was in police custody for twenty-one and one-half hours prior to arraignment. Six hours after arrest, Tingle gave an incriminating statement. However, the police did not find the statement adequate and thus continued interrogation for an additional fifteen hours. This Court viewed the facts surrounding Tingle's statement and concluded that the confession was related to the unnecessary and prejudicial delay. See id. at 246-47, 301 A.2d at 703-04.

We hold that the unnecessary delay in appellant's arraignment violated Rule 118 of the Pennsylvania Rules of Criminal Procedure.

The judgment of sentence is reversed and a new trial granted.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

Mr. Justice EAGEN and Mr. Justice POMEROY dissent.