Commonwealth *v.* Sanders, Appellant.

282

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX· and MANDERINO, JJ.

*Harold Randolph,* for appellant.

*Linda West Conley, James Taylor Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 16, 1974:

Robert Lee Sanders was convicted by a jury of murder in the second degree, conspiracy and violation

of the Uniform Firearms Act. Following the denial of post trial motions, a prison sentence of five to fifteen years was imposed on the murder conviction. Sentence was suspended on the other convictions. This appeal was then filed. We reverse and order a new trial for the reasons that follow.

The prosecution emanated from the fatal shooting of Edward Willis, a fourteen-year-old youth on March 15, 1970, as he emerged from a youth center located on West Stewart Street in Philadelphia. The appellant Sanders, suspected of being a participant in the crime, was taken into custody by the police about 3:30 p.m. on March 16th, but he was not arraigned before a magistrate until 8:30 a.m. on March 17th.

Between 3:45 p.m. and 8:00 p.m. on March 16th, Sanders was questioned by the police for short periods of time on three occasions and in each instance denied any knowledge of the crime.[1] About 8:00 p.m., he was questioned for an hour and persisted in denying guilt. Following this he agreed to take a polygraph test. After the completion of this test and upon being informed "he had not done too well", Sanders began to change his story. He was then questioned again for about thirty minutes and it was at this time, or about 10:30 p.m., that Sanders admitted for the first time he participated in the Willis assault. However, in his description of the event at this time, Sanders said the gun involved was in the possession of a fellow gang member, one Alvin Stevens, and discharged when he grabbed it. About 11:00 p.m., Sanders was confronted by Stevens who denied ever having possession of the gun. Finally, beginning 12:15 a.m. on March 17th, and continuing until about 2:30 a.m., Sanders was questioned for the

---

[1] Before the initial questioning, Sanders was advised of his constitutional rights as mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

sixth time and in this instance he made a statement admitting he intentionally fired the bullet which snuffed out Willis' life. The statement was recorded. A pretrial motion to suppress evidence of this statement was denied, and it was admitted at trial over objection.

Under the facts[2] it is clear that Sanders' incriminating statement was the product of an unnecessary delay between his arrest and arraignment, and its evidentiary use at trial was proscribed under our ruling in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). See also *Commonwealth v. Williams*, 455 Pa. 569, 319 A.2d 419 (1974). The Commonwealth argues this particular objection to the statement was never raised in the trial court and may not be raised for the first time on appeal. However, since the admissibility of the incriminating statement was challenged during the suppression proceeding and at trial on the ground of involuntariness, and since all proceedings in the trial court, including the disposition of post trial motions, were concluded before our decision in *Futch* was filed, the validity of the statement under *Futch* is properly before us for consideration. See *Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973), and *Commonwealth v. Hancock*, 455 Pa. 583, 586, footnote 2, 317 A.2d 588 (1974).

Judgment reversed and a new trial is granted.

---

[2] The facts related in this opinion are those established by the witnesses for the Commonwealth.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

I respectfully dissent from the reversal of the judgment of sentence because it is based upon a retrospective application of the exclusionary rule first announced in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). *See* the dissenting opinion of this

writer in *Commonwealth v. Johnson,* 458 Pa. 425, 327 A.2d 618 (1974) and the opinions therein cited.

Mr. Chief Justice JONES and Mr. Justice EAGEN join in this dissenting opinion.