332 A.2d 809
**COMMONWEALTH of Pennsylvania**
**v.**
**Benjamin WRIGHT, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Dec. 3, 1974.

Decided Jan. 27, 1975.

Rehearing Denied March 10, 1975.

Stanley Bashman, Philadelphia, for appellant.

John H. Isom, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, F. Emmett Fitzpatrick, Dist.

Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Benjamin Wright was found guilty by a jury of aggravated robbery and murder in the first degree. Post-verdict motions were denied, and Wright was sentenced to life imprisonment on the murder conviction, and a concurrent term of imprisonment of ten to twenty years on the robbery conviction. This appeal followed.[1] We affirm.

The victim, one Karl Klaiss, was fatally shot on a Philadelphia street corner during a robbery on the evening of July 11, 1972. Police heard the shots and arrived on the scene in time to observe two men fleeing down an alley. A description of the two men was immediately sent out over police radio. Wright, who matched the broadcast description, was arrested one block from the scene of the crime approximately one hour after the shooting.

Wright arrived at the Police Administration Building at approximately 12:30 A.M. the following morning. He was left alone in an interrogation room until 3:30 A.M., when he was given his *Miranda* warnings and interviewed by police detectives. During this interview, Wright denied any participation in the crime.

Meantime, Wright's co-felon, Christopher Jackson, had been apprehended and had made a statement implicating both himself and Wright. At 5:05 o'clock on the same

1. The Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1974) gives this Court jurisdiction over the appeal from the murder conviction. Wright appealed from his conviction and sentence on the aggravated robbery count to the Superior Court, which certified the appeal to this Court on appellant's petition.

morning Wright was confronted with Jackson, who again admitted taking part in the robbery, and urged Wright to confess. Wright then did make an inculpatory statement. At trial this statement was admitted in evidence as part of the Commonwealth's case, a motion to suppress it having been previously denied. The two contentions raised on this appeal are that, for different reasons, the admission of Wright's confession was error requiring reversal. We do not agree.

Appellant first argues that his statement was inadmissible because the fruit of an illegal arrest. The court which heard Wright's motion to suppress his statement ruled that the arrest was legal, but on post-verdict motions the trial court disagreed. Noting that about a dozen suspects matching the description broadcast by the police were arrested on the night of the shooting, the court ruled that Wright's detention was part of an illegal "dragnet" arrest of the sort condemned by this Court in *Commonwealth v. Fogan,* 449 Pa. 552, 296 A.2d 755 (1972). *See also. Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).

■■ We need not pass on the correctness of this conclusion, however, for even if the arrest was illegal, Wright's subsequent confession was nonetheless admissible. Statements following an illegal arrest must be excluded from evidence only if they are causally related to the invasion of the suspect's rights. If a statement is "sufficiently an act of free will to purge the primary taint of the unlawful invasion", or if the "connection between the arrest and the statement [is] 'so attenuated as to dissipate the taint' ", the statement need not be excluded. *Wong Sun v. United States,* 371 U.S. 471, 486, 491, 83 S.Ct. 407, 416, 419, 9 L.Ed.2d 441, 454, 457 (1963); *Commonwealth v. Bishop,* 425 Pa. 175, 183, 228 A.2d 661 (1967), cert. denied, 389 U.S. 875, 88 S.Ct. 168, 19 L.Ed.2d 159. The burden of showing the absence of a

causal nexus is on the Commonwealth. *Commonwealth v. Bishop, supra,* 425 Pa. at 183, 228 A.2d 661.

■ We agree with the court below that the Commonwealth has met its burden on this issue. Wright denied any involvement in the shooting until he was confronted with his accomplice. It was this confrontation, rather than any exploitation of the circumstances of the arrest, which prompted his confession. *Commonwealth v. Fogan, supra,* 449 Pa. at 556–557, 296 A.2d 755.

■ Wright also contends that his confession is inadmissible because it was obtained during a period of unnecessary delay prior to his arraignment. *See Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). We will not pass on this contention, for the issue has not been properly preserved for appellate review. Appellant's suppression hearing took place one year after our decision in *Commonwealth v. Futch, supra,* but the claim of unnecessary delay was not raised until appellant filed his post-verdict motions. The court below was thus denied the opportunity to protect the trial proceedings from the alleged error. We have consistently held that failure to raise an issue below in a timely manner forecloses review at the appellate stage. *Commonwealth v. Tucker,* 461 Pa. ——, 335 A.2d 704 (1974); *Commonwealth v. Segers,* 460 Pa. 149, 331 A.2d 462 (1974); *Commonwealth v. Johnson,* 457 Pa. 554, 327 A.2d 632, 634–635 (1974); *Commonwealth v. Blagman, Pa.,* 326 A.2d 296, 300 (1974) (concurring opinion of Roberts, J., speaking for a majority of the Court).

Judgment of sentence affirmed.

MANDERINO, J., filed a dissenting opinion.

ROBERTS and NIX, JJ., dissent.

MANDERINO, Justice (dissenting).

I dissent. The issue concerning the admissibility of appellant's confession obtained following an illegal arrest

is controlled by *Davis v. Mississippi*, 394 U.S. 721, 89 S. Ct. 1394, 22 L.Ed.2d 676 (1969). Under *Davis*, the appellant's confession was clearly inadmissible.

The majority's holding would permit the seizure of innocent citizens by government officials without the constitutional safeguards guaranteed by Article I, Section 8, of the Pennsylvania Constitution, P.S., and the Fourth Amendment to the United States Constitution.

The majority reasons that the appellant's confession, made following his illegal arrest, is admissible because the confession was not causally related to an invasion of the appellant's constitutional rights. The logical and dangerous result of this reasoning is to grant law enforcement officers an unfettered discretion to illegally seize any person or any number of persons on mere suspicion secure in the knowledge that if by chance a subsequent confession is obtained by means of a confrontation with a suspected co-defendant, the illegally seized individual will not have the right to suppress the tainted confession.

The conclusion the majority reaches ignores the purpose of the exclusionary constitutional rules by allowing subsequent discoveries from an illegal seizure to validate an arrest that was made without probable cause.

Accordingly, I would reverse and remand with the instruction to suppress the confession as the fruit of an illegal seizure.