336 A.2d 296

**COMMONWEALTH of Pennsylvania**

**v.**

**Lawrence CULLISON, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted April 23, 1974.

Decided April 17, 1975.

Burton A. Rose, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Division, James Wilson, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Larry Cullison, was found guilty by a jury of murder in the first degree and of robbery. Post-verdict motions were denied. An appeal from the judgment of sentence for murder was filed in this Court. An appeal from the judgment of sentence for robbery was filed in the Superior Court, which certified the matter to this Court.

Prior to trial, the appellant moved to suppress oral and written statements implicating him in the robbery

and fatal stabbing of a parking lot attendant. In his pre-trial motion, appellant contended that his oral and written statements should be suppressed because they were obtained in violation of Rule 118 (now 130) of the Pennsylvania Rules of Criminal Procedure. Appellant's motion to suppress was denied, and the statements were admitted into evidence during his trial. Appellant again raised the issue in post-verdict motions, and again relief was denied. We reverse and remand for a new trial.

The appellant was arrested at 1:25 a.m., on February 25, 1972. He was not arraigned until 12:45 a.m., February 26, 1972, 23 hours and 20 minutes after his arrest. Between 2:10 a.m., and 5:35 p.m., on the day of the arrest, appellant was interrogated during 7 different interrogation sessions lasting in duration from 35 minutes to 1 hour and 45 minutes. During these first 7 interrogation sessions, appellant made no inculpatory statements. During the 8th interrogation session, which began a little over 16 hours following the arrest, appellant made some inculpatory statements. During the 9th interrogation session, which began about 19 hours after the arrest, a written inculpatory statement was obtained. Under these circumstances, we must conclude that the 16 hour period prior to the first inculpatory statement constituted "an unnecessary delay" within the meaning of Rule 118 and the statements made thereafter were reasonably related to it. The evidence should have been suppressed at trial. *Commonwealth v. Barilak*, 460 Pa. 449, 333 A.2d 859 (1975) (J–571 of 1974, filed March 18, 1975); *Commonwealth v. Sanders*, 458 Pa. 281, 327 A.2d 43 (1974); *Commonwealth v. Johnson*, 459 Pa. 171, 327 A.2d 618 (1974); *Commonwealth v. Cherry*, 457 Pa. 201, 321 A.2d 611 (1974); *Commonwealth v. Hancock*, 455 Pa. 583, 317 A.2d 588 (1974); *Commonwealth v. Williams*, 455 Pa. 569, 319 A.2d 419 (1974); *Commonwealth v. Dixon*, 454 Pa. 444, 311 A.2d 613 (1973); *Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973); *Common-*

wealth v. Dutton, 453 Pa. 547, 307 A.2d 238 (1973); Commonwealth v. Tingle, 451 Pa. 241, 301 A.2d 701 (1973); Commonwealth v. Futch, 447 Pa. 389, 290 A.2d 417 (1972); see Geiger Appeal, 454 Pa. 51, 309 A.2d 559 (1973); Commonwealth v. Peters, 453 Pa. 615, 306 A.2d 901 (1973).

The prosecution does not dispute the appellant's contention that the appellant's oral and written statements were the product of an unnecessary delay between arrest and arraignment in violation of Rule 118. The prosecution, however, contends that Commonwealth v. Futch, supra, is not applicable to this case because Futch was decided after appellant's statements were obtained. We disagree. Commonwealth v. Futch was decided on April 20, 1972. Appellant filed his pretrial motion to suppress on June 28, 1972. In it he specifically raised the issue now before us. The issue was again raised in post-trial motions. Appellant therefore properly preserved the issue and is entitled to relief under Rule 118, which was in effect at the time of the appellant's arrest. Commonwealth v. Dutton, 453 Pa. 547, 307 A.2d 238 (1973).

Judgment of sentence reversed and a new trial granted.

POMEROY, J., filed a dissenting opinion in which JONES, C. J., and EAGEN, J., joined.

POMEROY, Justice (dissenting).

The Court in its decision today continues its practice, to me unjustified, of reversing a conviction and ordering a new trial because evidence was introduced at trial which had been obtained through a violation by the police of a rule of court (Pa.R.Crim.P. 118), notwithstanding that the violation occurred prior to the time the penalty of exclusion of such evidence was announced by this Court as a measure of police deterrence. See Common-

*wealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). To apply the exclusionary rule in such cases is to penalize law enforcement officials throughout the Commonwealth for a lack of clairvoyance on their part as to the future pronouncements of this Court made not on constitutional grounds but in the exercise of our supervisory powers. I therefore again dissent. See the dissenting opinion of this writer in *Commonwealth v. Johnson*, 459 Pa. 171, 327 A.2d 618, 620 (1974) and the opinions therein cited. See also *Commonwealth v. Wilson*, —— Pa. ——, —— n. 6, 329 A.2d 881, 884 n. 6 (1974) (Opinion in support of affirmance).

JONES, C. J., and EAGEN, J., join in this opinion.