337 A.2d 273

**COMMONWEALTH of Pennsylvania**

v.

**Pedro DOAMARAL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 10, 1974.

Decided April 25, 1975.

518

Robert B. Mozenter, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., James J. Wilson, Asst. Dist. Atty., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Pedro Doamaral, was convicted of voluntary manslaughter in a nonjury trial. Post-verdict mo-

tions were denied by the court en banc. (Judge Reed dissenting.) Appellant received a sentence of two to twelve years imprisonment. This appeal followed.

On May 7, 1971, one Larry Chatman was fatally shot while standing on a street corner in Philadelphia. Two days later, May 9, 1971, at 12:45 p. m., appellant and his older brother were arrested at their home and taken to the police station. Appellant, who was 15 years old at the time, was placed alone in an interrogation room. During that day, he was interrogated on three different occasions by three different detectives. At all times he denied any involvement in the shooting. During the third interrogation session, which commenced at about 8:40 p. m., a detective told appellant that a witness had identified the appellant as the person who fired the fatal shot. Appellant then asked to speak to his brother, who was in a separate interrogation room. After talking to his brother, the appellant, in a fourth interrogation session, made an oral inculpatory statement at about 9:30 p. m. Almost 9 hours had elapsed since his arrest. The taking of a formal written statement commenced at 11:30 p. m., almost 11 hours after the arrest. The taking of this statement concluded at 12:57 a. m., when appellant signed it. Appellant was arraigned some time later. The precise time of his arraignment is not clear from the record. As a result of appellant's statement, the police located and recovered the barrel and trigger housing of a .22 caliber rifle.

 Appellant's first inculpatory statement was not made until almost nine hours after his arrest. Under the circumstances of this case, the delay was an unnecessary delay, and the evidence obtained as a result of that delay is inadmissible. Rule 118 (now Rule 130) of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix; *Commonwealth v. Green,* 461 Pa. 388, 336 A.2d 594 (1975); *Commonwealth v. Cullison,* 461 Pa. 301, 336 A.2d 296 (1975); *Commonwealth v. Barilak,* 460 Pa. 449

333 A.2d 859 (1975); *Commonwealth v. Sanders,* 458 Pa. 281, 327 A.2d 43 (1974); *Commonwealth v. Johnson,* 459 Pa. 171, 327 A.2d 618 (1974); *Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611 (1974); *Commonwealth v. Hancock,* 455 Pa. 583, 317 A.2d 588 (1974); *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974); *Commonwealth v. Dixon,* 454 Pa. 444, 311 A.2d 613 (1973); *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973); *Commonwealth v. Dutton,* 453 Pa. 547, 307 A.2d 238 (1973); *Commonwealth v. Tingle,* 451 Pa. 241, 301 A.2d 701 (1973); *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972); *see Geiger Appeal,* 454 Pa. 51, 309 A.2d 559 (1973); *Commonwealth v. Peters,* 453 Pa. 615, 306 A.2d 901 (1973).

The prosecution does not contend that the delay between appellant's arrest and arraignment was not an "unnecessary delay"; initially it argues that appellant waived his right to raise the unnecessary delay question on this appeal because he failed to raise it at the pretrial suppression hearing or at trial.

We first note that the issue was considered in the trial court. The court en banc's opinion denying post-verdict motions clearly indicates that the question of unnecessary delay was considered by it. Because appellant challenged the voluntariness of the confession at all stages of the proceedings in the trial court, his failure to specifically raise the unnecessary delay issue at the pretrial suppression hearing does not preclude its consideration on this appeal. Our review of the record reveals that the suppression hearing was held on September 15, 1971; that the trial was held on December 27, 1971; and that the court en banc hearing was held on April 6, 1972. *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), was decided April 20, 1972, fourteen days *after* the court en banc hearing. Since appellant's trial preceded our decision in *Futch,* appellant has preserved the

unnecessary delay issue. *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973).

The prosecution next contends that even if appellant's contention is not considered untimely by this Court, a reading of the record indicates that the confession was not the result of the delay, but was the product of factors apart from the delay (the alleged accusation of a witness that appellant had shot the victim, and the conversation between appellant and his brother). Therefore, the prosecution argues, the confession was not "reasonably related" to any delay. To support this position, the prosecution cites *Commonwealth v. Fogan,* 449 Pa. 552, 557, 296 A.2d 755, 758 (1972), a case in which we held that an illegal arrest did not render a confession inadmissible if the confession was "obtained by means sufficiently distinguishable [from the initial arrest] to be purged of the primary taint." In *Fogan* we said that the accused's confession was motivated not by the illegal arrest but by "the finger of guilt pointed at him by his fellow gang member." *Id.* at 557, 296 A.2d at 758. *Fogan* is inapposite here; the *Futch* issue was not raised or considered in *Fogan. See also Commonwealth v. Wright,* 460 Pa. 247, 332 A.2d 809 (1975).

■ After determining that a delay existed, our inquiry should focus on whether such delay was unnecessary, whether prejudicial evidence was obtained, and whether such prejudicial evidence was reasonably related to the delay. *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973). In the instant appeal there is no doubt as to the first two points of inquiry. The confession introduced into evidence at appellant's trial constituted the bulk of the proof against him, and the prosecution does not contend that the delay was necessary. As to the third consideration, it is true that appellant denied involvement in the incident until informed of the witness's accusation, however, the fact that the accusation may have *combined* with the unnecessary delay to induce

appellant's confession does not mean that the confession is admissible. We did not say in *Futch* that the unnecessary delay must be the *sole* cause of the confession for the confession to be inadmissible. We said that all evidence obtained during an unnecessary delay, except that which has no reasonable relationship to the delay whatsoever, should be excluded. It cannot be said that the confession in the instant appeal had no relationship whatsoever to the twelve hour delay. The fact that the confession may have also been related to other events which occurred during the delay does not eliminate its relationship with the delay. *Compare Commonwealth v. Whitson,* 461 Pa. 101, 334 A.2d 653 (1975) (absence of unnecessary delay); *Commonwealth v. Dreuitt,* 457 Pa. 345, 321 A.2d 614 (1974) (no unnecessary delay prior to event causing confession).

In *Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611 (1974), we held inadmissible on *Futch* grounds a confession made fourteen hours after arrest and immediately following confrontation with results of a polygraph test which appellant had "failed." In *Cherry* we said:

> "Since appellant was originally unwilling to admit his complicity in the crime, and did not do so until after he was told that he had failed the polygraph test, some twelve hours later, during which time he had been subjected to over six hours of questioning and a lengthy period of isolation, we are convinced that appellant would not have changed his mind were it not for the events which transpired during the delay."

*Id.* at 204, 321 A.2d at 612.

Although the facts in this case are not identical to those in *Cherry,* the inculpatory statements here, like those in *Cherry,* were made during a period of unnecessary delay. Under these circumstances, we conclude that the inculpatory statements were reasonably related to the unnecessary delay. Appellant's statements, and any evidence obtained as a result of those statements, were in-

admissible. Rule 118 (now Rule 130), Pennsylvania Rules of Criminal Procedure.

Judgment of sentence reversed and a new trial granted.

NIX, J., agrees with the result reached because under all of the evidence the statement was not voluntary.

EAGEN, J., filed a dissenting opinion, in which JONES, C. J., and POMEROY, J., joined.

POMEROY, J., filed a dissenting opinion in which JONES, C. J., and EAGEN, J., joined.

POMEROY, Justice (dissenting).

I must again dissent from the majority's retrospective application of the exclusionary rule first announced in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972) for the reasons most recently referred to in my dissenting opinion in *Commonwealth v. Cullison,* 461 Pa. 301, 336 A.2d 296 (1975).

JONES, C. J., and EAGEN, J., join in this dissenting opinion.

EAGEN, Justice (dissenting).

While the *Futch* issue was not before the Court in *Commonwealth v. Fogan,* 449 Pa. 552, 296 A.2d 755 (1972), this does not ipso facto render *Fogan* inapposite instantly. As I see it, the rationale of *Fogan* is implicit in any situation wherein the issue arises whether a confession was related to "unnecessary delay" or independent of it.

JONES, C. J., and POMEROY, J., join in this dissent.