374 A.2d 970

**COMMONWEALTH of Pennsylvania**

**v.**

**David JONES, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Nov. 16, 1976.

Decided June 3, 1977.

Reargument Denied, July 18, 1977.

Herbert L. Olivieri, Philadelphia, Pa., for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James Garrett, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM:

The Court being equally divided, the Judgments of Sentence are affirmed.

Former Chief Justice Jones did not participate in the consideration or decision of this case.

Mr. Justice O'Brien filed an Opinion in Support of Affirmance in which Mr. Chief Justice Eagen and Mr. Justice Pomeroy join.

Mr. Justice Roberts files an Opinion in Support of Reversal in which Mr. Justice Nix and Mr. Justice Manderino join.

## OPINION IN SUPPORT OF AFFIRMANCE

O'BRIEN, Justice.

Appellant, David Jones, was tried by a judge sitting without a jury and convicted of murder in the second degree, conspiracy, and robbery in connection with the death of Garvin Peters in Philadelphia.

The court sentenced appellant to life imprisonment for the conviction of murder in the second degree, a concurrent sentence of five to ten years' imprisonment on the conspiracy charge, and five to ten years' imprisonment on the robbery charge. This direct appeal followed.[1]

The facts are as follows. On August 25, 1974, the body of Garvin Peters was found at 1636 Franklin Street, Philadelphia. The medical examiner determined that Peters was murdered the previous evening. Peters

1. Appellant properly appealed the conspiracy and robbery convictions to the Superior Court, which certified the appeal to this Court for disposition on October 1, 1975.

had been stabbed eight times. The investigation further revealed that Peters had been robbed and that one of the items stolen was the decedent's automobile, a 1973 Oldsmobile which was green with a white vinyl roof. On August 28, 1974, police questioned Thurgood Moore regarding an unrelated incident. Moore told the police that on the night of August 24, he saw two friends, known as "Chinaman" and "Hav-gun," driving a 1973 green Oldsmobile with a white vinyl roof. Moore also told the police that "Chinaman" told him that "we stabbed a guy and took his car". Moore identified police photographs of David Jones and Robert Perkins as "Chinaman" and "Hav-gun", respectively. On August 29, 1974, both appellant and Perkins were arrested without the issuance of an arrest warrant.

■ Appellant argues that the police lacked probable cause to arrest him. We do not agree. In *Commonwealth v. Culmer*, 463 Pa. 189, 195, 344 A.2d 487, 490 (1975), this court stated:

> "The legality of an arrest without a warrant must depend upon the presence of probable cause. *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Commonwealth v. Bishop*, 425 Pa. 175, 228 A.2d 661 (1967). Probable cause exists if the facts and circumstances which are within the knowledge of the officer at the time of arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." (Citations omitted.)

In the instant case, the police had knowledge that a homicide-robbery had been committed on the evening of August 24. One of the stolen items was the decedent's 1973 green Oldsmobile with a white vinyl roof. The police interviewed Moore and he indicated that he was given a ride in such a car in the area of the slaying on the night in question. Moore also identified appellant's pho-

tograph as that of one of the occupants of the car. Appellant told Moore of the slaying of the owner of the automobile. This knowledge is sufficient to "warrant a man of reasonable caution in the belief that the suspect has committed . . . [the] crime." See *Culmer, supra.*

Appellant next argues that his confession should be suppressed as the product of unnecessary delay between arrest and arraignment. We do not agree.

Appellant was arrested at 6:30 a. m. on August 29, 1974, at his home and transported to the Police Administration Building, arriving at approximately 7:00 a. m. Upon his arrival, appellant was placed in an interrogation room until 7:20 a. m. At this time the arresting officer, Detective Doyle, warned appellant of his *Miranda* rights and told him why he had been arrested. Appellant gave a statement, during which he admitted riding in the decedent's car on the evening of August 24, but only as a paying passenger. This initial interview concluded at 8:05 a. m. Appellant was left alone until 8:55 a. m., at which time he consented to and took a polygraph examination. The polygraph test concluded at 11:00 a. m. Detective Doyle then informed appellant of the results of the polygraph test and the fact that Perkins had confessed and incriminated appellant. In response to Doyle's statement, appellant stated that he wanted to tell what really happened. Appellant's confession ended at 11:25 a. m. His confession was given approximately four and one-half hours after his arrival at the Police Administration Building.

In *Commonwealth v. Rowe*, 459 Pa. 163, 167–68, 327 A.2d 358, 361 (1974), this court stated:

" . . . For as this Court stated in *Commonwealth v. Tingle,* 451 Pa. 241, 245, 301 A.2d 701, 703 (1973):

'Futch did not . . . establish a per se rule that all evidence obtained during an unnecessary de-

lay be excluded. It is only upon the defendant's showing of prejudice from the delay, i. e., a nexus between the delay and the challenged evidence that he is entitled to relief.'

\* \* \* \* \* \* \* \*

"Initially, as we noted in Futch, if unnecessary delay *follows* the securing of a confession, that evidence is not reasonably related to the subsequent delay. See, e. g., *United States v. Mitchell*, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944); *Virgin Islands v. Gereau*, 502 F.2d 914 (3d Cir. 1974)."

See *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1975), and *Commonwealth v. Coley*, 466 Pa. 53, 351 A. 2d 617 (1976).

In the instant case appellant was arraigned later in the afternoon of August 29, 1974. The unnecessary delay followed appellant's confession and no nexus existed between the delay in arraignment and the confession.

■ Appellant next argues that his confession was not a product of his free will. We do not agree.

In *Commonwealth v. Smith*, 470 Pa. 220, 222, 368 A.2d 272, 273 (1977), this court articulated our standard of review of a suppression court finding of voluntariness:

"It is well-established that on review from a finding of voluntariness, we must consider the Commonwealth's evidence and so much of the evidence presented by an accused as remains uncontradicted. *Commonwealth v. Johnson*, 467 Pa. 146, 354 A.2d 886 (1976); *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968). . . ."

Viewing the evidence in this light, appellant's 11 a. m. statement was voluntary. There is no evidence of physical or mental abuse or lack of *Miranda* warnings prior to the interrogation. Therefore, we are of the opinion that

the suppression court did not err in finding appellant's confession voluntary.

We would affirm the judgments of sentence.

EAGEN, C. J., and POMEROY, J., join in this opinion.

### OPINION IN SUPPORT OF REVERSAL

ROBERTS, Justice.

Appellant's statement, obtained by the police five hours after his arrest, was a product of unnecessary delay between arrest and arraignment. Because this statement was obtained in violation of the prompt arraignment requirement of Pa.R.Crim.P. 130, it should have been suppressed. *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974); *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). I would reverse judgment of sentence and grant appellant a new trial.

Appellant was arrested at 6:30 a. m. on August 29, 1974. Between 7:20 a. m. and 8:05 a. m., appellant was interrogated. He denied involvement in the homicide. The police did not at this time take appellant to be arraigned. Instead, they detained appellant while the investigation continued. Appellant underwent a polygraph examination. During a second interrogation session, between 11:00 and 11:25 a. m., appellant admitted complicity in the crime after being told the results of the polygraph examination.

Evidence must be suppressed under Rule 130 and the decisions of this Court if: (1) the delay between arrest and arraignment is unnecessary; (2) the evidence obtained is prejudicial; and (3) the incriminating evidence is reasonably related to the delay. E. g., *Commonwealth v. Williams,* supra.

In rejecting appellant's claim, the Opinion in Support of Affirmance offers no analysis. It does state that "the

unnecessary delay followed appellant's confession. . . ." This suggests a belief there was no unnecessary delay between appellant's arrest and his inculpatory statement. I cannot agree.

Extended pre-arraignment delay solely for the purpose of obtaining an incriminating statement or continuing an investigation is unnecessary delay. See *Commonwealth v. Barilak,* 460 Pa. 449, 333 A.2d 859 (1975); *Commonwealth v. Showalter,* 458 Pa. 659, 328 A.2d 841 (1974); *Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611 (1974); *Commonwealth v. Williams,* supra; *Commonwealth v. Dutton,* 453 Pa. 547, 307 A.2d 238 (1973). As Mr. Justice O'Brien stated for a majority of this Court in *Commonwealth v. Cherry,* 457 Pa. at 205, 321 A.2d at 613:

> "[Rule 130] and our decision in *Futch* . . . are specifically designed to put a stop to the practice of arresting an individual and holding him during a lengthy period while continuing the investigation before arraigning him."

Here, the period from 8:05 a. m. to 11:30 a. m. was used by the police for investigation and interrogation and therefore constituted unnecessary pre-arraignment delay, especially since appellant was initially unwilling to cooperate. *Commonwealth v. Bey,* 462 Pa. 533, 341 A.2d 907 (1975) (plurality opinion of Nix, J.) (5 hour delay unnecessary where purpose of delay was interrogation). In addition, appellant's statement, obtained during this period, was the product of the unnecessary delay. Appellant initially denied involvement in the crime. He admitted complicity during a later interrogation session only after undergoing a polygraph examination and being informed of its results. This is sufficient to establish a nexus between the delay and the statement elicited. See e. g., *Commonwealth v. Sanders,* 458 Pa. 281, 327 A. 2d 43 (1974). Finally, appellant's statement was clearly prejudicial.

Our decision in *Commonwealth v. Sanders*, supra, controls this case. Sanders was arrested at 3:45 p. m. and denied knowledge of the crime during the initial period following his arrest. At approximately 9:00 p. m., he took a polygraph examination. Following the examination, he was informed of the test results and incriminated himself at about 10:30 p. m. This Court ruled that Sanders' admissions were the product of unnecessary pre-arraignment delay and granted him a new trial. Accord, *Commonwealth v. Barilak*, supra.

Under the standard enunciated in *Commonwealth v. Williams*, supra, appellant's statement, obtained in violation of Rule 130, should have been suppressed. I would reverse judgment of sentence and grant a new trial.

NIX and MANDERINO, JJ., join in this opinion in support of reversal.