**Commonwealth v. Barlow**

*William A. Behle,* for Commonwealth.
*William C. King,* for defendant.

CALDWELL, *J.,* August 31, 1981—Although the

felony-murder committed in this case by the defendant occurred almost 13 years ago, it continues to haunt the criminal justice system.

Before us now is another Post Conviction Hearing Act petition filed by petitioner. The original was filed on March 3, 1981, but not joined in by petitioner's private counsel. We afforded time to correct this defect and on June 8, 1981, an amended petition was filed by petitioner and his attorney, William C. King, Jr., Esq., of 7274 Lemington Avenue, Pittsburgh, Pa. On June 19, 1981, the district attorney filed an answer to the petition, and because only a legal question is presented we can dispose of the matter without a hearing.

On December 2, 1968, petitioner participated in a bank hold-up with Foster Lee Tarver and Sharon Margaret Wiggins. During the robbery a bank customer was shot and killed and subsequently all three participants were determined to be guilty of first degree murder and are currently serving sentences of life imprisonment. They also received *consecutive* sentences for robbery of ten to 20 years imprisonment. It is this sentence for robbery about which petitioner complains in his current counseled *petition*.

The impetus for his complaint is the recent decision of the Supreme Court in the case of his co-defendant Foster Lee Tarver. In the case of Com. v. Tarver, 493 Pa. 320, 426 A. 2d 569 (1981), in an opinion by Justice Nix, the court vacated Tarver's separate and consecutive sentence for robbery, holding that the imposition of a separate sentence for robbery violated the multiple punishment aspect of the double jeopardy clause of the Fifth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment. The court in its opinion de-

cided that under the circumstances the robbery was the 'same offense' as the felony-murder and that sentencing on the felony-murder precluded sentencing for robbery, which the court viewed as a constituent offense. Additionally, the court concluded that robbery not only supplied the malice needed to establish murder, but also supplied the aggravating factor necessary to raise the offense to first degree murder. As such, a separate punishment cannot be imposed for the robbery. The court recognized Tarver as a departure from a prior holding on Com. v. Sparrow, 471 Pa. 490, 370 A. 2d 712 (1977), which concluded in another felony-murder case that the crimes of robbery and murder had not *merged* for jeopardy purposes and that no double jeopardy problem was posed. The majority opinion in Sparrow did not face directly the question recognized in Tarver concerning the problem of *punishment* jeopardy, although a dissent by Justice Nix sets out this argument, which the court adopted in Tarver.

Inasmuch as Tarver's sentence for robbery was vacated, it would seem that Barlow, an accomplice, should receive the same treatment. The Commonwealth, however, takes the position that Barlow, unlike Tarver, has waived his right to raise the issue via a post conviction petition, and is thus not entitled to relief.

In its answer to petitioner's current effort the prosecution argues that Tarver pursued his claim of double jeopardy on his initial direct appeals to the Superior and Supreme Courts.[1] Tarver continued his double jeopardy claim in his pro-se post-conviction petition filed March 14, 1978. We dis-

---

1. Com. v. Tarver, 221 Pa. Superior Court 797, 291 A. 2d 899 (1972); 467 Pa. 401, 357 A. 2d 539 (1976).

missed that petition on April 26, 1978, and were affirmed in that action by the Superior Court, which relied on the Sparrow decision. The Supreme Court again granted review, and eventually rendered the second Tarver decision which vacated the robbery setence as noted.

Unlike Tarver it is argued, Barlow raised only an issue of merger in his initial direct appeal to the Superior Court.[2] Again, unlike his accomplice, Barlow did not attempt to carry his appeal to the Supreme Court. In his first post-conviction petition Barlow specifically requested that counsel *not be* appointed and he did not raise any double jeopardy claims. When the Superior Court affirmed per curiam the dismissal of his petition, no further appeal was attempted to the Supreme Court.

The Commonwealth rests its position on Section 4 of the Post Conviction Hearing Act, dealing with waiver. [19 Pa.C.S.A. 1180-4(b)]. Having failed to raise the claim of double jeopardy it is advanced petitioner has waived his right to assert this claim, unless he can show the existence of an extraordinary circumstance that would justify his failure to previously pursue said claim. Since he affirmed that he did not wish counsel in his first Post Conviction Hearing Act petition, it is further submitted that he cannot claim the usual bromide of "ineffective assistance of counsel" as an extraordinary circumstance. Due to these distinctions in the posture of petitioner's case, as contrasted with Tarver's efforts, we are asked to deny the relief sought.

As indicated, in his direct appeal to the Supreme Court in 1972 Barlow argued that he was wrong-

2. Com. v. Barlow, 221 Pa. Superior Ct. 766, 291 A. 2d 895 (1972).

fully sentenced to consecutive terms of imprisonment since the robbery merged with the felony-murder. A review of the substantive law at the time of that appeal reveals that although the decisions concerning multiple punishment jeopardy were anything but harmonious, most were cloacked in the language of merger. See, e.g., Com. ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A. 2d 920 (1941), and Com. v. Ray, 177 Pa. Superior Ct. 154, 110 A. 2d 764 (1955). However, the merger doctrine was not applied in the felony-murder context until the Sparrow decision in 1977 where the court held there was no merger of the felony-murder and the underlying robbery. Thus the Tarver decision was the first indication that *double jeopardy* attached under the facts of this case.

Section 3 of the Post Conviction Hearing Act, 19 Pa.C.S.A. §1180-3(c)(12) provides as one basis for relief the denial of a state or Federal Constitutional right "including a right that was not recognized as existing at the time of the trial if the constitution requires retrospecive application of that right.. . ." There can be no doubt that a holding such as Tarver which provides greater protection for an accused under the double jeopardy clause of the Fifth Amendment of the United States Constitution, must be applied retroactively. See, e.g., North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), and Com. v. Richbourg, 442 Pa. 147, 275 A. 2d 345 (1971).

We are not convinced by the Commonwealth's assertion that Barlow has waived his right to raise the double jeopardy issue. It has been held numerous times that a post conviction petitioner who bases his claim for relief on a decision rendered after a direct appeal cannot be denied review of the merits of his claim on the basis of waiver: Com. v.

Doamaral, 461 Pa. 517, 337 A. 2d 273 (1975); Com. v. Cheeks, 429 Pa. 89, 239, A. 2d 793 (1968). It would be patently unfair to rule that Barlow waived his double jeopardy claim at a time when neither he nor his attorney had any basis for knowing that double jeopardy, and not merger, was the proper ground for relief. Since Barlow raised the jeopardy issue in a pro-se petition filed only one month after Tarver, we fail to see how it would be reasonable to require it to be pursued at an early time.

Nor can it be said realistically that petitioner's claim was "finally litigated" under the Post Conviction Hearing Act when he raised the merger doctrine on direct appeal. Even though direct appeals have been exhausted there should be no final litigation when a change of law applies retroactively to the date of conviction: Com. v. Cornitcher, 447 Pa. 539, 543, fn.5, 291 A. 2d 521, 523-24 fn.5 (1972) (dicta); Com. v. Gates, 429 Pa. 453, 457, 240 A. 2d 815, 817 (1968); Com. v. Bonaparte, 210 Pa. Superior Ct. 93, 95 fn.1, 232 A. 2d 12, 13 fn.1 (1967).

Based upon our interpretation of petitioner's legal rights we are compelled to grant Barlow the same relief afforded his co-defendant by the Supreme Court. The judgment of sentence entered upon the within robbery conviction must be vacated for the reasons set forth herein and an accompanying order will so direct.

## ORDER

And now, August 31, 1981, the sentence imposed for robbery to no. 45 O & T September sessions 1968 (not less than ten years nor more than 20 years), is hereby vacated and voided.