Commonwealth *v.* Dixon, Appellant.

Argued November 27, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*David N. Savitt,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Maxine J. Stotland,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, November 26, 1973:

The appellant, Dallas Dixon, was convicted on March 24, 1971, of second degree murder in the stabbing death of William Johnson on August 9, 1968. Post-trial motions were denied and the appellant was sentenced to a prison term of not more than ten years. This appeal followed in which we reverse the judgment of sentence.

Appellant contends that his pretrial motion to suppress an allegedly voluntary but unsigned statement should have been granted because the unsigned statement related to an unreasonable delay between appellant's arrest and his preliminary arraignment. The Pennsylvania Rules of Criminal Procedure in effect at the time of the interrogation in this case required that a defendant "be taken without unnecessary delay before the proper issuing authority for a preliminary arraignment." Pa. R. Crim. P. 118 (formerly rule 116a). In *Commonwealth v. Futch,* 447 Pa. 389, 394, 290 A. 2d 417 (1972), we held that *all evidence must be excluded* which is obtained during an unnecessary delay between arrest and arraignment *except that which has no reasonable relationship to the delay whatsoever.* In *Futch,*

the excluded evidence was obtained after an unnecessary delay of thirteen hours following the arrest. *See also Commonwealth v. Wayman,* 454 Pa. 79, 309 A. 2d 784 (1973) (involving eighteen hours); *Commonwealth v. Dutton,* 453 Pa. 547, 307 A. 2d 238 (1973) (involving eight hours); *Commonwealth v. Tingle,* 451 Pa. 241, 301 A. 2d 701 (1973) (involving twenty-one hours). In this case, the delay between arrest and the obtaining of inculpatory evidence involved a period of approximately fifteen hours.

The significance of Rule 118, requiring arraignment without unnecessary delay, becomes fully apparent when that rule is read together with the requirements of Rule 119. Under Rule 119, at the preliminary arraignment before a neutral authority, the citizen, *who is presumed innocent,* must be given "a copy of the complaint," informed of his rights, and must be provided an "immediate and reasonable opportunity" to post bail. The fundamental purpose of the preliminary arraignment is, therefore, to guarantee a citizen substantially the same rights to which he is entitled under the Pennsylvania Constitution. Some of these rights, for example, are those guaranteed in article I: section 9 of article I, gives a citizen the right to know the "nature and cause of the accusation against him," section 14 of article I, provides that "all prisoners shall be bailable" and section 13 of article I, requires that bail be reasonable by prohibiting "excessive bail." The prohibition in Rule 118 against any unnecessary delay between an arrest by an accusatorial authority and a preliminary arraignment would, of course, be unconstitutional. The danabridgment of a citizen's liberty. Such an abridgment would, of course, be unconstitutional. The danger of any such unnecessary and unconstitutional restriction of liberty diminishes significantly when a citizen is brought swiftly before a neutral judicial authority, there to be informed of the charges and provided with

an immediate and reasonable opportunity *to regain his liberty* by the posting of a reasonable bail. Thus, the delay between arrest and arraignment must be closely examined. The only delay permissible is that reasonably required for the administrative processing of the accused citizen. *Commonwealth v. Futch,* 447 Pa. 389, 290 A. 2d 417, 418 (1973). Delay beyond that is unreasonable and constitutes a denial of a citizen's right to know the nature of the charges against him and to receive an immediate and reasonable opportunity to regain his freedom by the posting of bail.

In this case there is nothing in the record to support the fifteen hour delay. It must therefore be concluded that the fifteen hour delay was unnecessary. Our rule is to "exclude all evidence . . . except that which has no reasonable relationship to the delay whatsoever." *Commonwealth v. Futch,* 447 Pa. 389, 290 A. 2d 417 (1973). The record discloses that the unnecessary delay alone produced the challenged statements and thereby the appellant was prejudiced.

The appellant was arrested pursuant to a warrant at 9:30 p.m., on Saturday, September 14, 1968. He was detained in police custody for fifteen hours during which time he steadfastly asserted his innocence despite confrontation with a co-defendant's statement implicating him. Following his arrest, he was isolated for three hours in a small interview room. Interrogation followed for about an hour and produced only denials of involvement. Another hour of isolation followed before interrogation resumed. During the next hour, the appellant persisted in his denial of involvement. He then remained isolated for the next six hours although he was given something to eat and visited the restroom during this period. At the end of this six hours, a polygraph test was administered which lasted approximately two hours. Isolation again occurred during the next hour. The appellant was then accused of lying and shortly

thereafter made an oral inculpatory statement some fifteen hours after his arrest. Several hours later, following additional interrogation, the appellant was instructed to read and sign a written inculpatory statement typed by the police. He refused to sign any of the inculpatory statements although he did initial a page which contained no incriminating remarks. We must conclude under these circumstances that the unnecessary delay was reasonably related to and did produce the inculpatory evidence obtained. That evidence should, therefore, have been excluded from appellant's trial.

Judgment of sentence is reversed and a new trial awarded.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

For the reasons stated in my dissenting opinion in *Commonwealth v. Dutton*, 453 Pa. 547, 551, 307 A. 2d 238, 240 (1973), I am obliged to dissent also in this case. In addition, I take this occasion to note my continuing agreement with Mr. Justice EAGEN that "Rule 118 is a mere procedural device, lacking in constitutional dimension". *Commonwealth v. Tingle* (EAGEN, J., concurring, joined by JONES, C. J. and POMEROY, J.), 451 Pa. 241, 249, 301 A. 2d 701, 705 (1973).

Mr. Chief Justice JONES and Mr. Justice EAGEN join in this dissenting opinion.