372 A.2d 761

**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**Benjamin SMITH, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 30, 1976.

Decided April 28, 1977.

Vincent J. Ziccardi, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Ian M. Comisky, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Benjamin Smith, a seventeen year old juvenile, was convicted of voluntary manslaughter. Prior to trial, appellant moved to suppress three statements made by him to police. The first statement was made during interrogation which began about an hour after appel-

lant's arrest, and which concluded about two hours after the arrest. The second statement was made during interrogation which began about eight and one-quarter hours after appellant's arrest and which concluded about ten hours after the arrest. The third statement was made during interrogation which began about twelve hours after arrest and which concluded about fourteen hours after arrest. The trial court suppressed the third statement because it was the result of an unnecessary delay between arrest and arraignment in violation of Pa. R.Crim.P. 118 (now Rule 130). The trial court, however, refused to suppress the first two statements. These statements were later introduced into evidence during appellant's trial. In post-verdict motions and in this appeal, appellant contends that the second statement should have been suppressed because it, too, was the result of an unnecessary delay between arrest and arraignment. No issue is raised in this appeal concerning the admissibility of the first statement. We agree that the second statement should also have been suppressed. The judgment of sentence is therefore reversed and a new trial granted.

The police arrested appellant at his home at 8:20 a. m., on November 11, 1971. He was taken to police headquarters, arriving there at 8:40 a. m. Questioning began at 9:25 a. m., at which time appellant was given *Miranda* warnings. This initial questioning period concluded at 10:15 a. m. During this questioning appellant admitted that he was a member of a certain neighborhood gang but denied any involvement in the killing for which he had been arrested. Appellant also told police interrogators that he had been home in bed at the time of the killing. From 10:15 a. m., until 4:25 p. m., appellant remained in the building, ate lunch, used the restrooms, and spoke with friends who were also there to be questioned concerning the killing. Appellant was questioned again from 4:35 p. m., until 6:30 p. m. Sometime during

the questioning period commencing at 4:35 p. m., appellant was told by police that another suspect had named him as a participant in the killing. At some point thereafter, appellant admitted his involvement in the crime. Appellant was questioned for a third time, from 8:20 p. m., until 10:30 p. m., and signed a written confession. This written statement was suppressed prior to trial and was not introduced into evidence. Only the oral statement made between 4:35 p. m., and 6:30 p. m., is at issue in this appeal.

██ We have repeatedly held "pre-arraignment delay unnecessary unless required to administratively process an accused." *Commonwealth v. Williams,* 455 Pa. 569, 573, 319 A.2d 419, 421 (1974); *Commonwealth v. Dixon,* 454 Pa. 444, 311 A.2d 613 (1973). Furthermore,

"Rule 118 of the Pennsylvania Rules of Criminal Procedure [now Rule 130] and our decision in *Futch, supra,* are specifically designed to put a stop to the practice of arresting an individual and holding him during a lengthy period while continuing the investigation before arraigning him."

*Commonwealth v. Cherry,* 457 Pa. 201, 205, 321 A.2d 611, 613 (1974); *Commonwealth v. Hancock,* 455 Pa. 583, 317 A.2d 588 (1974).

██ The prosecution contends that the present case is controlled by *Commonwealth v. Whitson,* 461 Pa. 101, 334 A.2d 653 (1975). In *Whitson,* a majority of this Court held that the police could conduct a limited preliminary investigation aimed at verifying an accused exculpatory statement. *Whitson,* however, did not sanction delay of the kind present in this case. The prosecution contends that the delay here was necessary because many other suspects and witnesses had to be questioned and there were not enough policemen available. The inescapable conclusion is that the police were not seeking a quick verification of appellant's statement. They were con-

ducting a general investigation involving the questioning of the other suspects. Had the police desired a quick verification of appellant's statement that he was at home in bed they might have spoken with someone at his home. As Justice Frankfurter stated in discussing Fed.R.Crim. P. 5(a), the federal counterpart of Rule 130:

> "Circumstances may justify a brief delay between arrest and arraignment, as for instance where the story volunteered by the accused is susceptible of quick verification through third parties. . . ."

*Mallory v. United States*, 354 U.S. 449, 455, 77 S.Ct. 1356, 1360, 1 L.Ed.2d 1479, 1483 (1957). In the instant case, the delay was neither brief nor were the police seeking a quick verification.

■ The prosecution also contends that even if the delay was unnecessary, appellant's second statement was not the product of that unnecessary delay. In the present case the period of time between appellant's arrest and the giving of the statement at issue was somewhere between eight and one-quarter hours and ten hours. A period of six hours elapsed between the first and second interrogation sessions, during which time appellant knew, without question, that he was a suspect. He also knew that numerous witnesses were being interviewed about the killing. These circumstances are sufficient to establish the required nexus between the confession and the delay. *Commonwealth v. Johnson*, 458 Pa. 425, 327 A.2d 618 (1974); *Commonwealth v. Cherry*, 457 Pa. 201, 321 A.2d 611 (1974); *Commonwealth v. Tingle*, 451 Pa. 241, 301 A.2d 701 (1973).

The prosecution, however, contends that appellant's second statement resulted from the interrogating detective's statement to appellant that another suspect had accused appellant of participating in the killing, and that therefore the appellant's statement was not the result of the delay. Even if we assume however that the detec-

tive's statement, made as part of the interrogation process, played some role in bringing about a confession, it cannot act to eradicate the nexus already existing between an unnecessary delay and an admission of guilt.

Because the statements at issue here were obtained by police prior to our announcement in *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), of a supervisory rule prohibiting the use at trial of any statement made more than six hours after arrest, that case is not controlling here. As we stated in *Davenport*, however, ". . . [i]n no case have we held that a delay of six hours or more was not an 'unnecessary delay.' " *Id.* at ——, 370 A.2d at 306, n. 7.

Judgment of sentence is reversed, and the case is remanded for further proceedings consistent with this opinion.

JONES, former C. J., did not participate in the decision of this case.

POMEROY, J., filed a dissenting opinion in which EAGEN, C. J., joined.

POMEROY, Justice, dissenting.

For reasons which are fully set forth in my dissenting opinion in *Commonwealth v. Dutton*, 453 Pa. 547, 551, 307 A.2d 238 (1973), I dissent from the Court's application of the exclusionary rule first announced in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), to police conduct which occurred prior to the *Futch* decision. See also *Commonwealth v. Cullison*, 461 Pa. 301, 336 A. 2d 296 (1975) (dissenting opinion of Pomeroy, J., joined by Mr. Chief Justice Jones and Mr. Justice Eagen); *Commonwealth v. Johnson*, 459 Pa. 171, 327 A.2d 618 (1974) (dissenting opinion of Pomeroy, J., joined by Mr. Chief Justice Jones and Mr. Justice Eagen.)

EAGEN, C. J., joins in this dissenting opinion.