385 A.2d 966

**COMMONWEALTH of Pennsylvania**

v.

**Harry B. EDWARDS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1977.

Decided April 28, 1978.

Ronald J. Brockington, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM:

Order affirmed.

ROBERTS, J., filed a dissenting opinion.

MANDERINO, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I dissent. The Commonwealth's evidence consisted almost entirely of an incriminating statement appellant made during more than 17 hours of police detention in violation of *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972) and Pa.R.Crim.Pro. 118 (now Pa.R.Crim.Pro. 130).

At approximately 6:00 a. m., May 11, 1971, the police brought appellant to the stationhouse for questioning concerning a homicide. About 12:30 p. m., after more than six hours of intermittent interrogation, the police began to question appellant concerning a burglary committed two months earlier. Appellant denied involvement in the burglary. During the next 11 hours, appellant was repeatedly questioned about the burglary and underwent several polygraph examinations. Appellant continued to deny involvement in the burglary. About 7:00 p. m., after the police told appellant that he had failed a lie-detector test, he admitted participation in the burglary and agreed to make a written statement. The police began to take the formal statement at 8:45 p. m., and completed taking the statement around 11:30 p. m. The record does not show when appellant eventually was arraigned.

4

This Court held in *Commonwealth v. Futch*, supra, that incriminating statements obtained during periods of unnecessary delay between arrest and arraignment are inadmissible if reasonable related to the delay. Appellant's statement was inadmissible under *Futch*. The police held him without arraignment for more than 17 hours. He agreed to give the incriminating statement nearly 13 hours after the police took him into custody, during which he was questioned and subjected to polygraph examinations for more than eight hours, and more than six hours after the police began interrogating him about the burglary for which he was convicted. This delay, apparently for the sole purpose of inducing appellant to provide incriminating information, was unnecessary and reasonably related to the statement. See *Commonwealth v. Barilak*, 460 Pa. 449, 333 A.2d 859 (1975) (five and a quarter hours delay); *Commonwealth v. Cherry*, 457 Pa. 201, 321 A.2d 611 (1974); *Commonwealth v. Johnson*, 459 Pa. 171, 327 A.2d 618 (1974) (plurality opinion) (four hours unnecessary delay where defendant initially denied involvement in crime charged).

In *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), this Court, pursuant to its supervisory powers, established the rule that "[i]f the accused is not arraigned within six hours of arrest, any statement obtained after arrest but before arraignment shall not be admissible at trial." (footnote omitted). Although we announced in *Davenport* that the six-hour rule would be applied prospectively, the same reasons that persuaded us to adopt the rule of *Davenport* apply to this case. As we stated in *Davenport*, "In no case have we held that a delay of six hours or more was not an 'unnecessary delay.'" Id. 471 Pa. at 286, n.7, 370 A.2d at 306 n.7 (citing cases). Accordingly, the statement taken from appellant should have been suppressed, and appellant is entitled to a new trial.

MANDERINO, Justice, dissenting.

I dissent. The record establishes that appellant was in custody for at least seventeen and one-half hours before

arraignment, and that his incriminating statement was made almost thirteen hours after he had first been taken into custody. Prior to his admission he had been interrogated for more than eight hours, and had been confronted with results of a polygraph examination which allegedly indicated that he had lied in denying involvement ·in the crime.

Appellant's statement must be deemed the product of an unnecessary delay in arraignment and should have been suppressed.

Even if a portion of the time appellant was in custody is attributable to the investigation of a different crime, and even assuming *arguendo* that such period covered be excluded from the period relevant to *Futch* purposes, appellant's statement must be deemed the product of an unnecessary delay in arraignment. Appellant's incriminating statement was given six and one-half hours after questioning about the instant crime had been initiated, and was given only after several periods of interrogation and the confrontation with the polygraph results. His statement should have been suppressed in accordance with Pa.R.Crim.P. 118 and *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).

I would reverse the conviction and order a new trial.