407 A.2d 1300

COMMONWEALTH of Pennsylvania

v.

**Ernest Lee McGEACHY, Appellant.**

Supreme Court of Pennsylvania.

Argued April 23, 1979.

Decided Oct. 1, 1979.

Reargument Denied Nov. 26, 1979.

Theodore S. Danforth, Public Defender, John F. Pyfer, Jr., Lancaster, for appellant.

Joseph C. Madenspacher, Asst. Dist. Atty., Lancaster County, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

This is an appeal from judgment of sentence entered upon a jury verdict finding appellant guilty of voluntary manslaughter. The dispositive question is whether appellant's written confession should have been suppressed as the product of unreasonable delay in violation of Pennsylvania Rule of Criminal Procedure 130 and *Commonwealth v. Futch*, 447

Pa. 389, 290 A.2d 417 (1972).[1]  We hold that it should have been suppressed and, therefore, reverse judgment of sentence and award a new trial to appellant.

Appellant was arrested on August 16, 1975, at 2:20 p. m. Although, according to the officers, he was experiencing an extreme state of intoxication, they completed the "booking and slating" of appellant, following which he was put in a holding cell to become sober.  Shortly before 6:15 p. m., and after a period of interrogation, appellant made an oral incriminating statement to the police which was then reduced to writing by an officer because appellant was illiterate.  During the taking of this statement, a district justice was present, although no arraignment was held at that time. Appellant was finally arraigned at 8:50 p. m. before the same magistrate.

■ In countering appellant's *Futch* claim, appellee focuses upon the relatively short time period, approximately four hours, between the arrest and the commencement of the statement.[2]  Although this is the relevant time period for purposes of a *Futch* analysis, *see Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Perry*, 468 Pa. 515, 364 A.2d 312 (1976), appellee seems to ignore the fact that all administrative processing of appellant had been completed by approximately 3:15 p. m., some three hours

---

1.  Appellee correctly notes that the arrest in this case preceded and is, therefore, not controlled by *Commonwealth v. Davenport*, 471 Pa. 278, 288, 370 A.2d 301 (1977).

2.  A similar situation was presented in *Commonwealth v. Bey*, 462 Pa. 533, 536–37, 341 A.2d 907, 908–09 (1975), where we stated:

> The Commonwealth, while not contesting that the evidence obtained was prejudicial, argues that the delay was not "unnecessary" because only five hours elapsed between the arrest and appellant's first oral admission.  The Commonwealth correctly concedes however that there is no arbitrarily prescribed length of time which constitutes an "unnecessary delay."  .  .  .  Under these circumstances we conclude that "the Commonwealth delayed the arraignment  .  .  .  with the specific intention of obtaining [a] confession. .   .   ."

*See also, Commonwealth v. Johnson*, 458 Pa. 425, 327 A.2d 618 (1974) (four hour delay found to be unnecessary, confession suppressed).

28

before the statement was made by appellant. Pre-arraignment delay is only "necessary" if essential for the completion of administrative processing. *See Commonwealth v. Richman*, 458 Pa. 167, 173, 320 A.2d 351 (1974). Prior to our decision in *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), once the delay was determined to be an "unnecessary" one, the length of that "unnecessary" delay only aggravates the violation, it does not constitute the violation. Any "unnecessary" delay under the law prior to *Davenport*, required relief if prejudicial evidence was obtained during that period, and its acquisition by the Commonwealth was reasonably related to that delay. *Commonwealth v. Williams*, 455 Pa. 569, 319 A.2d 419 (1974).

We have previously set forth the dangers of an unnecessary delay as follows:

. . . The danger of any such unnecessary . . . restriction of liberty diminishes significantly when a citizen is brought swiftly before a neutral judicial authority, there to be informed of the charges and provided with an immediate and reasonable opportunity to *regain his liberty* by the posting of a reasonable bail. Thus, the delay between arrest and arraignment must be closely examined. The only delay permissible is that reasonably required for the administrative processing of the accused citizen. *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417, 418 (1973). Delay beyond that is unreasonable and constitutes a denial of a citizen's right to know the nature of the charges against him and to receive an immediate and reasonable opportunity to regain his freedom by the posting of bail.

*Commonwealth v. Dixon*, 454 Pa. 444, 446–47, 311 A.2d 613, 614 (1973). *See also Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973); *Commonwealth v. Dutton*, 453 Pa. 547, 307 A.2d 238 (1973); *Commonwealth v. Tingle*, 451 Pa. 241, 301 A.2d 701 (1973).

In *Commonwealth v. Williams, supra*, we reaffirmed that pre-arraignment delay would be deemed unnecessary unless required to administratively process an accused. In reach-

ing that conclusion, we rejected the argument that a delay should be deemed necessary because the police needed the time to corroborate the defendant's statement and to apprehend the co-felons. While we relaxed the requirement that pre-arraignment delay can only be occasioned by administrative needs where there may have existed some doubt as to the probable cause to arrest or to charge the suspect, the instant record does not present such a case. *See e. g. Commonwealth v. Blagman*, 458 Pa. 431, 326 A.2d 296 (1974). Here there was no question that the decision to arrest and charge had been made prior to the interrogation that led to the challenged inculpatory statements.

■ The conclusion that the delay was unnecessary, even though it amounted only to approximately four hours, is compelled under these facts where at 3:15 p. m. all processing had been completed and that at 6:15, when the statement was being reduced to writing, the district justice was present and no reason existed why appellant could not have been arraigned at that point rather than being interrogated. The fact that the arraignment was delayed an additional two hours and thirty-five minutes must weight heavily in determining whether the delay is to be classified as unnecessary. The fact that an arraignment does not preclude the possibility of further interrogation eliminates any justification for failing to arraign appellant before the police recorded his statement.

■ The only justification offered by appellee for the delay after 3:15 p. m. is that appellant was too intoxicated and emotionally overwrought to permit arraignment. In addition to lending support to appellant's attack on the voluntariness of the statement (which issue we need not reach), this purported justification fails to explain why the district magistrate was called to witness the taking of the statement. Appellee is, it would seem, hopelessly impaled upon the horns of a dilemma. If appellant was too befuddled by drink to be arraigned, his condition would also prevent him from giving a voluntary, knowing and intelligent statement. If appellant had reached the degree of

sobriety where he could have knowingly and voluntarily given an incriminatory statement, he would also have been competent to be arraigned by the magistrate at 6:15 p. m. instead of being deposed. The clear purpose of *Futch* and its progeny was to prevent police from postponing arraignment solely to obtain a confession from an accused. *See Commonwealth v. Johnson*, 458 Pa. 425, 327 A.2d 618 (1974). This appeal presents one of the clearest cases of an unnecessary delay which resulted in an incriminating statement and thus the resulting incriminatory statement must be suppressed.[3]

Judgment of sentence is reversed and a new trial is awarded to appellant.

EAGEN, C. J., and LARSEN, J., concurred in the result.

---

**3.** Because we grant appellant a new trial, we need not address the other issues raised in this appeal.