406 A.2d 1045

COMMONWEALTH of Pennsylvania, Appellant at No. 380,

v.

Aaron PINKNEY, Appellant at No. 448.

Superior Court of Pennsylvania.

Argued June 14, 1978.

Decided June 22, 1979.

Petition for Allowance of Appeal Granted Jan. 16, 1980.

Ronald T. Williamson, Assistant District Attorney, Norristown, for appellant at 380 and appellee at 448.

George B. Ditter, Assistant Public Defender, Chief, Appeals Division, Norristown, for appellant at 448 and appellee at 380.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

*The Commonwealth's Appeal at No. 380 October Term, 1978.*

Appeal is taken by the Commonwealth from the judgment of sentence, as modified. An understanding of relevant dates is important to our disposition. After trial non-jury and adjudication of guilty on charges of robbery, criminal

conspiracy, terroristic threats, and firearms violation, defendant was sentenced on *August 5, 1977*, to a total term of 7½ to 22 years' imprisonment. On August 31, 1977, defendant filed a motion to vacate and reconsider the sentence, and the lower court set September 26, 1977, as the hearing date thereon.[1] The sentence was not vacated pending this hearing. On said date, a hearing was begun, with the court's commenting, after discussions with Pinkney, that his *pro se* motion for reconsideration more than adequately met the standards of good pleading. However, the court encouraged defendant to await his trial counsel's return from vacation, for the reason that the latter was more familiar with the case and counsel appointed interim had not reviewed the matter at length. Defendant was thus left the option of continuing the reconsideration hearing until return of his attorney, or proceeding without him. Pinkney chose to have the matter continued. The Commonwealth attorney did not object and "agree[d] we should wait." An order to this effect issued. After the passing of another date set for hearing (the reasons for it do not appear on the record) the matter came on for hearing on *November 4, 1977.* Following said hearing, the modified judgment of sentence, presently appealed, was rendered, whereby the total term of imprisonment was reduced to 1½ to 7 years.

The Commonwealth now argues that the lower court was without authority to modify the sentence when it did. This argument is based upon the Act of 1959, June 1, P.L. 342, No. 70 (12 P.S. § 1032) and its mandate that a sentencing court may "alter, modify, suspend, reinstate, terminate, amend or rescind, any . . . sentence only during the term of court in which the . . . sentence, was entered of record" or "for a period of thirty days subsequent to the date of entering of record the . . . sentence, in any

---

1. The record also shows the filing on September 2, 1977, of a notice of direct appeal. Appeal to our Court would have been rendered inoperative by the reconsideration of sentence proceedings, and said appeal was discontinued on November 10, 1977. *Pa.R.A.P.* Rule 1701(b).

instance where the term of court shall terminate prior to such thirty day period: Provided, that all parties in interest, including the district attorney in criminal cases, not notified in advance . . . ."[2] The Commonwealth alleges that the November 4, 1977, resentencing is both beyond the term of court in which the August 5, 1977, date sentencing falls and longer than 30 days after that sentencing. It further alleges that the lower court's sole reliance upon *Pa.R.A.P.* Rule 1701(b), which empowers the lower court to grant reconsideration when requested, even if the case has been moved to an appellate court, is misplaced.[3]

■ Ordinarily, we would agree with the Commonwealth. It is obvious that the November 4, 1977, disposition of the reconsideration matter is out of time, being apparently past the term of the sentencing court and obviously more than 30 days following sentencing. The rule generally is that a court lacks power to act past the permitted time. See *Commonwealth v. Bigley*, 231 Pa.Super. 492, 331 A.2d 802 (1974) and *Commonwealth v. Yoder*, 249 Pa.Super. 389, 378 A.2d 350 (1977). Also, *Pa.R.A.P.* Rule 1701(b) authorizes reconsideration by the lower court when an appeal is pending, but does not in any way affect or enlarge upon the substantive law of the statute, 12 P.S. § 1032, mandating the time for action.[4]

■ However, the Commonwealth did not object to defendant's decision to continue the reconsideration matter. The Commonwealth attorney stated: ". . . I haven't

2. An additional argument is raised by the appellant-Commonwealth that it did not receive notice of Pinkney's motion for resentencing. The record refutes this.

3. There is no question that defendant had met the time requirements mandated by this rule of appellate procedure.

4. We note that at no time prior to the resentencing was the original sentence vacated, pending the resentencing. Consequently, there is no rationale present here to deviate from the simple counting of days or consideration of court terms mandated by the statute.

heard anything today to lead me to argue for or against reconsideration so I agree we should wait." (Notes of testimony, September 26, 1977, hearing, p. 10). It is thus clear that as of September 26, 1977, when all parties were at the hearing which could have disposed of the reconsideration motion, the Commonwealth did not object to a continuance. The Commonwealth is estopped from now raising the argument. So the pivotal question becomes whether September 26, 1977, was in the same term of court as August 5, 1977. Regardless of the Commonwealth's failure to object, and its being estopped as of September 26, 1977, to raise the instant issue, if this crucial date was beyond and outside the term of court which contained August 5, 1977, the lower court had no jurisdiction or power to act.[5] The answer to this issue cannot be determined from the record. A remand is necessary for the sole purpose of convening an evidentiary hearing to determine if September 26, 1977, was within or without the term of the lower court which rendered the August 5, 1977, judgment of sentence. If September 26, 1977, and the date of original sentencing were both in the same term of court, then the judgment of sentence as modified is affirmed, on the reasoning that the Commonwealth as of September 26, 1977, was estopped to raise its instant challenge to resentencing, which eventually occurred on November 4, 1977. If it be found that September 26, 1977, was past the term of the sentencing court, then the modified judgment of sentence is vacated and the original (August 5, 1977) judgment of sentence is reinstated, on the reasoning that the lower court was without jurisdiction so to have modified the sentence.

Remanded with directions to hold said evidentiary hearing and to proceed in accordance with this Opinion.

5. We note that the 30-day provision of 12 P.S. § 1032 is inapplicable because the period involved was longer than 30 days. We reiterate that a reliance upon *Pa.R.A.P.* Rule 1701(b) as to the lower court's ability to reconsider a sentence while appeal is pending does not obviate the necessity that such must be accomplished timely and in accord with 12 P.S. § 1032.

294

*The Defendant's Appeal at No. 448 October Term, 1978.*

Appeal is taken by defendant, raising a claim that the court below erred in not having suppressed a confession given during an unnecessarily and impermissibly long period between arrest and arraignment.[6] Pertinent facts are that Pinkney caused to be filed a pre-trial motion to suppress. Hearing thereon was reserved to the time of trial, and was held immediately prior thereto, on February 15, 1977. The facts adduced are as follows: At 7:30 P.M. on January 11, 1976, two men, one of whom was the defendant, entered a restaurant. At gun point they ordered staff and customers into the kitchen, there to lie face down on the floor. In removing the cash (approximately $300) from the register, one or the other of the robbers had tripped a silent alarm to the police, who responded almost immediately from a location in the next block. While pulling up, the officers noticed three males coming out of the building (apparently the third cohort had "stood guard" at the door), and they ordered them back inside. After ascertaining what had transpired, the three were arrested and taken to the stationhouse, while other officers "process[ed] the scene such as collecting evidence, making diagrams, taking photographs. . . . " One police official began to speak to Pinkney at about 7:45 P.M. At 9:40 A.M. of the following morning, a statement was begun by Pinkney, typed, and eventually signed by defendant. Arraignment followed. More than 13 hours had elapsed between arrest and the obtaining of Pinkney's statement.

 Ordinarily such a delay of many hours raises a flag of caution and a necessity to question whether the delay had been necessary, prior to arraignment. Arraignment must be accomplished without unnecessary delay after arrest, *Pa.R. Crim.P.* Rule 130 (formerly Rule 118) and evidence obtained from a person arrested during unnecessary delay will be suppressed. *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). Appellant argues that the delay in this case was

6. This appeal was perfected pursuant to the guidelines of *Pa.R.A.P.* Rules 511, 903(b) and 1701(b)(3) insofar as timeliness and preservation of issues raised post-trial are concerned.

"unnecessary", and that his confession would have been suppressed.[7]

The relevant time period for determination as to its necessity, after arrest and before arraignment, is that between arrest and the making of the self-incriminating statement. *Commonwealth v. Taylor*, 472 Pa. 1, 370 A.2d 1197 (1977). Instantly we note that three men were arrested simultaneously for the same crime. The same officer conducted separate interrogations of each arrestee during the hours in question. Before midnight this officer was with one of the other suspects. Between midnight and 2:00 A.M. he was obtaining a statement from a second of the trio. Prior to each of these meetings, he had met with Pinkney, and following the other interrogations, he again met with defendant and subsequently obtained his statement. All the while, other necessary processing of the men transpired. Faced with three accused of this crime, all of whom had a slightly different story to tell, and the necessity to reach a clear understanding of the circumstances by interrogating each and comparing what was said, we will not hold that the 13 hours prior to Pinkney's giving a statement constituted "unnecessary delay". As a part of required administrative procedures, the investigating officer had to listen to the other men and compare and consider what they said in relation to Pinkney's story. See *Commonwealth v. Smith*, 472 Pa. 414, 372 A.2d 761 (1977). The delay here was not related to the making of a statement by Pinkney nor did it pressure him into doing it. Thus we do not find error below in refusing the motion to suppress and in allowing the admission of Pinkney's statement into evidence at trial.

Affirmed.

7. The arrest in this case was prior to the 6-hour limitation announced in *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). The Commonwealth's reply, to the effect that this cross-appeal was taken from an invalid judgment of sentence rendered November 5, 1977, and is therefore a nullity, entirely misses the mark and does not address the merits of appellant's claim.

At the appeal, No. 380 October Term, 1978, remanded with directions.

At the appeal, No. 448 October Term, 1978, affirmed.

PRICE, J., concurs in the result.

SPAETH, J., files a dissenting opinion.

JACOBS, former President Judge and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

The majority holds that the defendant's right under Pa.R. Crim.P. 130, 19 P.S. Appendix, to a prompt preliminary arraignment was not violated by the fifteen hour delay that followed his arrest. I cannot agree.

At the suppression hearing it was established that the defendant was arrested at 7:30 p. m. at the scene of the robbery—a restaurant. Officer Lynch, the police interrogator who obtained the defendant's confession, then gave the following testimony. He was called to the police station at 7:45 p. m. on the night of the incident to interview the defendant, and spoke with the defendant for approximately one hour. N.T. at 45–46. During this interview the defendant gave the officer "one story, and we got a little loud in the conversation. N.T. at 63.[1] Although it appears that Officer Lynch did not strike the defendant, he admitted that he pushed the defendant back in his chair when he started to get up. *Id.* The interview terminated when the defendant informed the officer that he did not wish to speak about the incident. N.T. at 46. Officer Lynch then interviewed the other two suspects and succeeded in obtaining statements from them. At 2:00 a. m. Officer Lynch "went home and

1. Officer Lynch did not say what that story was, but the defendant testified with out contradiction, that when he was first questioned he admitted to being inside the restaurant, but denied complicity in the crime. N.T. at 54, 58.

went to bed and got back up and came back in for the 8:00 to 4:00 shift on Monday morning." N.T. at 48. To his knowledge, no one made any attempt to arraign the defendant during the night of the incident, even though at least one district justice was supposed to be on call twenty-four hours a day to handle preliminary arrangements. *Id.* On the morning following the incident, Officer Lynch approached the defendant a second time to speak with him. N.T. at 47. At 9:40 a. m. the defendant began his confession, which he completed at approximately 11:00 a. m. N.T. at 48–49. Sometime after 11:00 a. m. the defendant was arraigned. Officer Lynch was the only Commonwealth witness who testified as to the circumstances under which the defendant's confession was obtained.

The majority attempts to justify the delay of the defendant's preliminary arraignment on the following grounds:

Instantly we note that three men were arrested simultaneously for the same crime. The same officer conducted separate interrogations of each arrestee during the hours in question. Before midnight this officer was with one of the other suspects. Between midnight and 2:00 A.M. he was obtaining a statement from a second of the trio. Prior to each of these meetings, he had met with Pinkney, and following the other interrogations, he again met with defendant and subsequently obtained his statement. All the while, other necessary processing of the men transpired. Faced with three accused of this crime, all of whom had a slightly different story to tell, and the necessity to reach a clear understanding of the circumstances by interrogating each and comparing what was said, we will not hold that the 13 hours prior to Pinkney's giving a statement constituted "unnecessary delay." As a part of required administrative procedures, the investigating officer had to listen to the other men and compare and consider what they said in relation to Pinkney's story. at 1049.

As noted above, the Commonwealth did not introduce any evidence at the suppression hearing showing that the delay of the defendant's preliminary arraignment was related to the administrative processing of the defendant.[2] What evidence there was showed the contrary to be true. Officer Lynch was not listening to the other suspects and comparing and considering what they said in relation to the defendant's story when he was at home and asleep in bed. Furthermore, there was no evidence that another officer was interviewing the suspects in Officer Lynch's absence.

The majority cites *Commonwealth v. Smith*, 472 Pa. 414, 372 A.2d 761 (1977), in support of its holding that the delay here was necessary. Instead of supporting the majority's holding, *Smith* undercuts it. In *Smith* the defendant gave three statements to the police following his arrest but before his arraignment. The first was given one hour, the second eight and one-half hours, and the third twelve hours, after the defendant's arrest. The lower court suppressed only the third statement. On appeal the defendant argued that the second should have been suppressed as well. The Supreme Court rejected the Commonwealth's argument that the delay in the defendant's arraignment was necessary because other witnesses and suspects had to be questioned by an understaffed police force. Had the police been seeking a quick verification of an exculpatory statement by the defendant, the delay might have been necessary; but instead the police were conducting a general investigation involving the questioning of other suspects at the time the defendant gave his second statement. As a result, the defendant's right to a prompt preliminary arraignment following his arrest had been violated, the second statement was inadmissible, and a new trial was required.

Here, as in *Smith*, the delay was not caused because the police were seeking a quick verification of an exculpatory

2. Nor, it is interesting to note, does the Commonwealth assert on this appeal that the delay was necessary. The Commonwealth's only argument is that the defendant waived his claim. The majority has correctly rejected this argument.

statement by the defendant. The defendant had given a statement to Officer Lynch soon after his arrest, but evidently that statement was not the statement that Officer Lynch wanted to hear. Therefore, Officer Lynch interrogated the other suspects, and then went home to bed. When he returned the next morning, Officer Lynch resumed his interrogation of the defendant, and the defendant's preliminary arraignment was delayed until his confession was obtained.

Before evidence will be suppressed on the ground of pre-arraignment delay, three conditions must be met: (1) the delay must be unnecessary; (2) the evidence must be reasonably related to the delay; and (3) the evidence must be prejudicial to the defendant. *Commonwealth v. Williams*, 484 Pa. 590, 400 A.2d 1258 (1979); *Commonwealth v. Starks*, 484 Pa. 399, 399 A.2d 353 (1979). Here the delay of the arraignment was unnecessary, the confession was prejudicial, and because it was given more than twelve hours after the defendant gave his first, apparently exculpatory, statement, the required nexus between the delay and the confession existed. *See Commonwealth v. Smith, supra; Commonwealth v. Johnson*, 459 Pa. 171, 327 A.2d 618 (1974); *Commonwealth v. Cherry*, 457 Pa. 201, 321 A.2d 611 (1974).

A plurality of the Supreme Court has held that although admission of a coerced incriminating statement may never be deemed harmless error, the admission of a freely given statement that should have been suppressed because obtained in violation of Pa.R.Crim.P. 130 may sometimes be deemed harmless error. *Commonwealth v. Townsell*, 457 Pa. 249, 320 A.2d 111 (1974). Nevertheless, a court should have "great reluctance" in applying the harmless error rule in cases involving incriminating statements. *Id.*[3] I cannot say that here the error was harmless beyond a reasonable doubt. *See generally Commonwealth v. Story*, 476 Pa. 391, 383 A.2d

---

3. Indeed, the precedential validity of the plurality's holding in *Townsell* has been questioned by a majority of the Supreme Court in *Commonwealth v. Lasch*, 464 Pa. 259, 346 A.2d 547 (1975).

155 (1978). No question existed at trial concerning the defendant's presence inside the restaurant at the time of the robbery. Officer Westerman testified that he arrested the defendant as he was leaving the restaurant with two other males. In addition, articles of the defendant's clothing were found in the restaurant. However, only one witness who was present in the restaurant at the time of the robbery identified the defendant as one of the robbers. Furthermore, much of her testimony was consistent with the defendant's assertion that he was only a customer who happened to be in the restaurant at the time. The defendant's most incriminating act to which the eyewitness testified was his going behind the luncheon counter and opening the kitchen door for the restaurant's employees and customers to exit through. Yet, this statement was impeached through the eyewitness's prior statements in which she failed to relate any fact showing unequivocally that the defendant assisted the other robbers in committing the crime. Other than the defendant's confession, which left no doubt about the defendant's participation in the planning and execution of the robbery, and the above testimony, the Commonwealth's most incriminating evidence was the discovery of money under the back seat of the police car that transported the defendant to the station house. However, this money was not discovered until two days after the defendant's presence in the car, and no one saw the defendant attempting to dispose of the proceeds from the robbery at any time.

The issue is not whether the evidence just related was sufficient to convict the defendant of robbery. It clearly was sufficient. The issue is whether the admission of the defendant's confession contributed to the verdict. *Commonwealth v. Story, supra.*

Since I believe the defendant is entitled to a new trial for the reasons above, I do not reach the question of whether the lower court's resentencing order was valid.